# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL T. WINIUS,**

        **Petitioner,**

    **v.**                                 **Case No. 17-CV-1417**

**PAUL KEMPER,**

        **Respondent.**

## REPORT AND RECOMMENDATION

Michael T. Winius is in the custody of Racine Correctional Institution pursuant to the judgment of Outagamie County Circuit Court on April 5, 1999. (ECF No. 1 at 1-2.) Winius was sentenced to 28 years in prison, consecutive to a previously imposed sentence. (ECF No. 1-1 at 7.) On October 17, 2017, Winius filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Winius has consented to the full jurisdiction of a magistrate judge. (ECF No. 3.) Therefore, the court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an

answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases.

Winius's first ground for relief alleges a substantive due process violation based on his parole review. (ECF No. 1 at 6.) Winius alleges that there is a "secretive system" operating between the department of corrections, parole commission, and program review committee that is unfairly and arbitrarily preventing parole release. (*Id*.) He explains that parole hearings lack substance and meaning and simply result in deference until a prisoner reaches mandatory release/presumptive mandatory release. (*Id*. at 6-7.)

Winius's second ground for relief alleges an ex post facto violation. Specifically, he alleges that parole has been functionally eliminated, particularly for sexual-based offenses, and that the application of the secretive system "substantially increas[es] Winius'[s] exposure to serving the full [two-thirds] (until mandatory release/presumptive mandatory release) of his sentence." (*Id*. at 7.)

Finally, Winius's petition raises a claim of cruel and unusual punishment on the grounds that the new parole commissioner made his bias clear when he stated he would not exercise his discretion to release sex offenders eligible for parole. This claim was not presented to the state court. As Winius describes, "[i]t is so new that Winius did not have an opportunity to bring it before any court; further, it is only cumulative of prior motions." (*Id*. at 8.)

2

Winius does not allege that he ever actually received a parole hearing and was denied parole. Therefore, his claims are entirely prospective. Winius seeks a review of his motion for sentence modification in order to have a speedier release once he is eligible for parole. (ECF No. 1-2 at 1.)

"There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). "When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures." *Id*.

In Wisconsin, persons convicted of a "serious felony" committed before December 31, 1999 are presumptively entitled to parole after serving two-thirds of their sentences. *See Kendrick v. Hamblin*, 606 Fed. Appx. 835, 837 (7th Cir. 2015) (citing Wis. Stat. 302.11(1) (1998)). However, parole statutes do not give rise to a protectable liberty interest when they provide that parole is discretionary, which is the case with Wisconsin's law authorizing presumptive release. *Id*. (citing *Bd. of Pardons v. Allen*, 482 U.S. 369, 378 (1987)). Because Winius was convicted of a "serious felony" and is presumptively entitled to parole at the discretion of the parole commission, he has no protectable liberty interest in release before the completion of his 28-year prison

sentence, let alone a protectable liberty interest in release before he completes two-thirds of his sentence.

Even if Winius had a protectable liberty interest in parole, there are also significant questions as to whether he has exhausted his state court remedies as to all claims contained in his petition and whether his petition is timely.

**IT IS THEREFORE RECOMMENDED** that Winius's petition for a writ of habeas corpus (ECF No. 1) be dismissed pursuant to Section 2254 Habeas Corpus Rule 4.

**THE COURT FURTHER RECOMMENDS** that Winius not be issued a certificate of appealability.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 13th day of November, 2017.

WILLIAM E. DUFFIN
U.S. Magistrate Judge