UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL T. WINIUS,

       Plaintiff,

  v.                                                        Case No. 17-CV-1417-pp

WARDEN PAUL KEMPER,

       Defendant.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION (DKT. NO. 4), DISMISSING CASE AND DENYING CERTIFICATE OF APPEALABILITY**

---

On November 13, 2017, Magistrate Judge William E. Duffin issued a recommendation that this court deny the petitioner's *habeas* petition and decline to issue a certificate of appealability. Dkt. No. 4. Judge Duffin advised the petitioner that if he objected to Judge Duffin's recommendation, he had to file his objection within fourteen days of the date the petitioner was served with recommendation. It has been over two months, and the court has not received an objection from the petitioner.

The court notes that at the time the petitioner filed his federal case, he was incarcerated at the Racine Correctional Institution. Dkt. No. 1. The petitioner never has notified the court that he has been transferred. A review of the Department of Corrections' inmate locator web site, however, indicates that the petitioner now is incarcerated at the Prairie du Chien Correctional Institution. See https://appsdoc.wi.gov/lop/detail.do. The site shows that the

defendant was at RCI until December 18, 2017—a month after Judge Duffin issued his report and recommendation. On that day, the petitioner was transferred to Dodge Correctional, where he stayed until he was transferred to Pairie du Chien on December 20, 2017.

The court mailed Judge Duffin's report and recommendation to the petitioner at RCI on November 14, 2017. The petitioner was not transferred to Dodge until thirty-four days later—sufficient time for him to receive the report, and to prepare a response.

Under Fed. R. Civ. P. 72(b), if a party does not object to a magistrate judge's report and recommendation, the district court reviews the magistrate judge's recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Systems Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). This court must decide only whether Judge Duffin's report and recommendation are clearly erroneous. The court concludes that they are not.

The petitioner alleges a substantive due process violation based on his parole review, a violation of the *ex post facto* clause and cruel and unusual punishment. All of these claims are based on his belief that the Wisconsin parole system is defective. He anticipates that when the time comes for him to have a parole hearing, it will be unfair and biased against him, because the parole commissioner has indicated that there will be no parole granted sex offenders. Judge Duffin noted that the petitioner has not alleged that he has received a parole hearing and denied parole; he appears to be trying to address a problem that has not yet arisen. Dkt. No. 4 at 3. Judge Duffin also explained

that inmates do not have a federal constitutional right to be released before their sentences expire, unless the state has created such a right. In Wisconsin, there is a *presumptive* entitlement to release, but no guaranteed right to parole. Id. at 3. Finally, Judge Duffin noted that the petitioner had conceded that he had not presented this claim to any state court, which raised a question of whether he had exhausted his state remedies and whether his *habeas* petition was untimely. Id. at 4.

The court finds that the Judge Duffin's legal conclusions, and his recommendation that this court dismiss the plaintiff's petition, were not clearly erroneous.

The court **ADOPTS** the recommendation of the magistrate judge that the petition be dismissed and a certificate of appealability be denied. Dkt. No. 4.

The court **ORDERS** that this case is **DISMISSED**. The court **DECLINES** to issue a certificate of appealability. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. of App P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under

3

Rule 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The court cannon extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 22nd day of January, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**